SUPREME COURT.

SOLOMON ROOSA agt. PETER J. SNYDER, survivor, &c.

The judge at the circuit is not authorized to direct that the motion for a new trial, upon exceptions, be heard, in the first instance, at a general term, and at the same time, allow the prevailing party to proceed to *judgment* upon the decision at the circuit.

If he will order the case to be heard at a general term, in the first instance, he must also direct the *entering of judgment to be suspended until such hearing.*

*It seems*, that an entry by the clerk in the minutes, that "the court directed that the exceptions be heard, in the first instance, at a general term," should be construed to operate as a stay.

*Albany Special Term, Aug.,* 1855.

MOTION to set aside judgment, &c., for irregularity.

The action was tried at the Ulster circuit in April, 1855. Upon the trial, the plaintiff was nonsuited. The judge who presided at the trial made an order that the plaintiff have sixty days to make a case, or bill of exceptions; that the defendant have the same time to make and serve amendments thereto; and that the hearing be had, in the first instance, at the general term. The order was made in open court, and entered by the clerk in the minutes of the trial. Within the time allowed by the order, the plaintiff's attorneys prepared and served exceptions, and the defendants' attorney proposed amendments. Notice of settlement was served for the 13th of August; on

which day the papers were submitted to the judge. On the same day, the defendant's attorney perfected judgment against the plaintiff for the costs of the action. Upon these facts, the plaintiff's attorneys moved to set aside the judgment and all subsequent proceedings.

E. COOKE, *for plaintiff.*
E. WHITAKER, *for defendant.*

HARRIS, Justice. The 265th section of the Code provides, that where exceptions have been taken upon a trial, the judge trying the cause may, at the trial, direct that the motion for a new trial, upon such exceptions, be heard in the first instance, at a general term, and that the judgment in the meantime be suspended. It is further provided, that when such an order has been made, the motion for a new trial upon the exceptions can only be made, and judgment, in case the motion is denied, can only be rendered at a general term. The order transferring the case to the general term, and suspending judgment until the hearing, is but a single direction. The judge at the circuit is not authorized to direct that the application be heard at the general term, and at the same time allow the prevailing party to proceed to judgment upon the decision at the circuit. If he will order the case to be heard at a general term, in the first instance, he must also direct the entering of judgment to be suspended.

The order entered in this case was not such as the judge at the circuit was authorized to make. Having directed that the hearing upon the exceptions should be had at a general term, he should also have directed that the entering of judgment be suspended until such hearing. This was probably intended, but the clerk, in entering the direction in his minutes, has merely stated that the court directed that the exceptions be heard, in the first instance, at a general term. I think even this direction should be construed to operate as a stay of proceedings upon the decision, the review of which had been thus ordered to be had before another tribunal. The entry made by

the clerk, as it often is in such cases, was informal. But it cannot be doubted, I think, that the judge intended to make the order authorized by law, and that the parties understood, not only that the application for a new trial should be made at a general term, but that in the meantime the entering of judgment should be suspended.

The motion to set aside the judgment and subsequent proceedings must be granted—but perhaps, under the circumstances, the question being somewhat novel, the defendant should not be charged with the costs of the motion.